UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EUGENE SCALIA, Secretary of Labor,
United States Department of Labor,

                    Plaintiff,

       v.

S&D RESTAURANT, INC. d/b/a PARKSIDE
ROTISSERIE & BAR and STEVEN
DAVENPORT,

                  Defendants.

Civil Action No. 1:20-cv-380

Injunctive Relief Sought

COMPLAINT

1.      Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action because a restaurant, Defendant S&D Restaurant, Inc. d/b/a Parkside Rotisserie & Bar ("Parkside"), and its owner, Defendant Steven Davenport, have failed to pay their employees the federal minimum wage and required overtime premium, failed to keep accurate employment-related records, and violated the anti-retaliation provision of the Fair Labor Standards Act of 1938 (the "FLSA").

2.      The Secretary seeks to have the Court enjoin Defendants from violating the provisions of Sections 6, 7, 11, 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 206, 207, 211, 215(a)(2), 215(a)(3), and 215(a)(5), and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 216(c).

1

## Jurisdiction and Venue

3.      Jurisdiction of this action is conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and by 28 U.S.C. § 1331.

4.      Venue is proper in the United States District Court for the District of Rhode Island because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## The Parties

5.      Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages, and is the proper plaintiff for this action.

6.      Defendant Parkside is a company having a place of business located at 76 S. Main Street, Providence, Rhode Island 02903, within the jurisdiction of this Court, and is engaged at that place of business in the operation of a restaurant.

7.      Parkside employs the employees listed on the attached Exhibit A who have not received proper compensation under the FLSA.

8.      Defendant Steven Davenport is the owner of Parkside.

9.      Defendant Davenport transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court.

10.     The claims against Defendant Davenport in this case arise out of and are directly related to his business activities in Rhode Island.

11.     Defendant Davenport has certain control over the daily operations of Parkside, including the authority to set employees' wages, determine whether employees will be paid in cash, and establish policies and practices regarding the payment or non-payment of the overtime premium required by the FLSA.

12.     Defendant Davenport is and has been an employer of Parkside's employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

### Defendants Are an Enterprise Engaged in Commerce

13.     At all times described herein, Defendants were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), as they engaged in related activities performed through unified operation or common control for a common business purpose.

14.     At all times described herein, Defendants employed employees in the activities of said enterprise, which is engaged in commerce or in the production of goods for commerce, including having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

15.     Said enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

16.     For the period covered by this Complaint, Defendants' employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

<u>Defendants' Wage and Hour Practices</u>

1.     From October 15, 2017 through at least January 12, 2020, Defendants failed to pay employees listed in the attached Exhibit A the minimum wage required by Section 6 of the FLSA, 29 U.S.C. § 206.

2.     During that time period, the cash wages that Defendants paid five tipped employees plus the tips those employees received did not equal at least $7.25 per hour for each hour worked.

3.     From October 15, 2017 through at least January 12, 2020, Defendants willfully and repeatedly failed to pay employees listed in the attached Exhibit A the overtime premium required by Section 7 of the FLSA, 29 U.S.C. § 207.

4.     During that time period, Defendants compensated their restaurant employees, including kitchen employees, at their regular rates of pay for hour worked over 40 hours in a workweek.

5.     Defendants failed to pay those employees the overtime premium required by the FLSA.

6.     Also during the above-mentioned time period, Defendants did not compensate each employee for all of the time that they worked.

7.     From October 15, 2017 through at least January 12, 2020, Defendants failed to maintain the records required under Section 11 of the FLSA, 29 U.S.C. § 211.

8.     During that time period, Defendants did not maintain complete records of the hours that each employee worked and discarded certain time records.

4

9.      During the time period between October 15, 2017 and January 12, 2020,

Defendants violated the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3), by, among

other things:

      a.   Threatening employees with adverse action if they told a representative of the

          Secretary about how they were paid or the hours that they worked; and

      b.   Unlawfully terminating a sous chef.

## COUNT ONE
### Defendants Failed to Pay the Minimum Wage Required by Section 6 of the FLSA

10.     The Secretary incorporates by reference and re-alleges all of the foregoing

allegations in this Complaint.

11.     Defendants have violated the provisions of Sections 6 and 15(a)(2) of the FLSA,

29 U.S.C. §§ 206 and 215(a)(2), by employing and paying employees wages at rates less than the

applicable minimum wage under the FLSA.

12.     Therefore, Defendants are liable for minimum wage compensation owed to

employees listed in the attached Exhibit A and an equal amount of liquidated damages under

Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT TWO
### Defendants Failed to Pay the Overtime Premium Required by Section 7 of the FLSA

13.     The Secretary incorporates by reference and re-alleges all of the foregoing

allegations in this Complaint.

14.     Defendants have willfully and repeatedly violated the provisions of Sections 7

and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees for

workweeks longer than forty hours without compensating them at rates not less than one and

one-half times the regular rates at which they were employed for hours worked in excess of forty

hours in such workweeks.

15.     Therefore, Defendants are liable for overtime compensation owed to the

employees listed in the attached Exhibit A and an equal amount of liquidated damages under

Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT THREE
### Defendants Failed to Keep Records Required Under Section 11 of the FLSA

16.     The Secretary incorporates by reference and re-alleges all of the foregoing

allegations in this Complaint.

17.     Defendants failed to keep true and accurate records of the hours that each of their

non-exempt employees worked in violation of Section 11 of the FLSA, 29 U.S.C. § 211, and the

regulations thereunder, specifically 29 C.F.R. Part 516.

## COUNT FOUR
### Violation of Section 15(a)(3) of the Act—Unlawful Discrimination

18.     The Secretary incorporates by reference and re-alleges all of the foregoing

allegations in this Complaint.

19.     Defendant has violated the provisions of Section 15(a)(3) of the Act, 29 U.S.C.

§ 215(a)(3), by unlawfully discriminating against employees, including by threatening them with

adverse action if they provided information to the Secretary and unlawfully terminating a sous

chef, which well might have dissuaded reasonable employees from speaking freely to the

Secretary's investigator about their employment or engaging in other activity protected by the

FLSA.

6

**PRAYER FOR RELIEF**

Defendants violated the aforesaid provisions of the Act, including doing so willfully, as alleged herein. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

(1) For an order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act; and

(2) For an order pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), holding Defendants liable for unpaid back wages found due to Defendants' employees listed in the attached Exhibit A plus liquidated damages equal in amount to the unpaid compensation found due; alternatively, in the event liquidated damages are not awarded, Plaintiff prays for an order pursuant to Section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid back wages found due to Defendants' employees, and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621; and

(3) For an Order awarding back wages related to Defendants' retaliatory action under Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

(4) For an order awarding Plaintiff the costs of this action; and

(5) For an order granting such other and further relief as may be necessary and

appropriate.

Kate S. O'Scannlain
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

/s/ Mark A. Pedulla____
Mark A. Pedulla
Counsel for Wage & Hour
pedulla.mark.a@dol.gov
MA BBO No. 685925

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
JFK Federal Building—Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

DATE: September 3, 2020