UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EUGENE SCALIA, Secretary of Labor,
United States Department of Labor,

                        Plaintiff,

                    v.

S&D RESTAURANT, INC. d/b/a PARKSIDE
ROTISSERIE & BAR and STEVEN
DAVENPORT,

                      Defendants.

Civil Action No. 1:20-cv-00380

CONSENT JUDGMENT AND ORDER

    Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor (the "Secretary"), has filed a Complaint in this case under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA"). Defendant S&D Restaurant, Inc. d/b/a Parkside Rotisserie & Bar ("Parkside"), and its owner, Defendant Steven Davenport, have received a copy of that Complaint and waive service of process. Defendants also acknowledge the assessment by the Secretary of civil money penalties, have received notice and service of the issuance of the civil money penalties, waive exception to those civil money penalties, and have agreed to pay civil money penalties in the amount of $23,001.00, all under Section 16(e) of the FLSA, 29 U.S.C. § 216(e), and 29 C.F.R. §§ 578.1–578.4, 579.1–579.5, and 580.1–580.18.

    The Court concludes that it has jurisdiction to enter this Consent Judgment and Order (the "Consent Judgment"), and Plaintiff and Defendants agree to its terms.

    It is, therefore, ORDERED, ADJUDGED, and DECREED that Defendants, their agents, servants, employees, and all persons acting or claiming to act on their behalf and interest be, and

1

hereby are, permanently enjoined and restrained from violating the provisions of the FLSA in any of the following manners:

1. Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who, in any workweek, is employed in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the FLSA, wages at less than the applicable minimum wage.

2. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless such employees receive compensation for their employment in excess of forty hours at rates not less than one and one-half times the employees' regular rates of pay.

3. Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and found in Title 29, Part 516 of the Code of Federal Regulations.

4. Defendants shall not, contrary to Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this FLSA, has testified or is about to testify in any such proceeding, or has otherwise

engaged in protected activity under the FLSA. Defendants shall not report or threaten to report any individual to immigration or law enforcement authorities, or threaten to have any individual deported or investigated by immigration or law enforcement, for purposes of inhibiting any individual's rights under the FLSA. Defendants shall not refer to any individual's immigration status, citizenship, work authorization status, or lack of government documents (including a driver's license) for purposes of inhibiting any individual's rights under the FLSA. Defendants shall not threaten or in a way inhibit any individual's employment prospects or their ability to obtain or remain in the employment of another person for purposes of inhibiting any individual's rights under the FLSA. Defendants shall not instruct any individual not to speak to or to provide false information to the Department of Labor, or otherwise influence any individual with respect to his or her participation in any investigation or legal proceeding brought by the Department of Labor.

Further, the Court, finding that the employees are due compensation in the amount of $79,246.54 (inclusive of $39,623.27 in gross back wages and $39,623.27 in liquidated damages), as shown on attached Exhibit A1, which is incorporated in and made a part hereof, it is ORDERED, ADJUDGED, and DECREED that Defendants are restrained from withholding payment of said back wages, and are ordered, jointly and severally, to pay said liquidated damages in accordance with the terms set forth herein. Defendants represent that, to the best of their knowledge and following diligent review and inquiry, they have been in compliance with the FLSA since January 13, 2020. In agreeing to resolve the amount of back wages and liquidated damages in this case, Plaintiff has relied on this representation and, accordingly, the back wage and liquidated damages provisions of this Consent Judgment shall have no effect upon any back wages and liquidated damages which may have accrued since that date.

The back wage and liquidated damages provisions of this Consent Judgment shall be deemed satisfied when Defendants deliver to Plaintiff payment totaling $39,623.37 in gross back wages from which deductions for Defendants' employees' share of social security and federal withholding taxes will be made by the United States Department of Labor, with no deduction for the employees' state withholding tax, and separate payment totaling $39,623.37 in liquidated damages, none of which is subject to deductions. Defendants, jointly and severally, shall further pay the employers' share of FICA to the appropriate authorities for the back wages paid pursuant to this Consent Judgment after presentation of the United States Department of Labor's quarterly summary of employee payments made.

To comply with the payment provisions set forth above related to back wages and liquidated damages, Defendants may pay online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77689032 or by going to http://www.pay.gov and searching for WHDBWNE. Defendants also have the option to provide to the Secretary certified checks, bank checks, or money orders made payable to "Wage and Hour Division—Labor," and those checks or money orders shall be mailed to:

> U.S. Department of Labor
> Wage and Hour Division
> Northeast Region
> The Curtis Center, Suite 850 West
> 170 South Independence Mall West
> Philadelphia, PA 19106-3317
> Attention: William Schweizer

Checks or money orders shall have Case No. 1887677 written on the face of the checks or money orders. If Defendants pay by checks or money orders, they shall provide the Secretary with a check or money order for the back wage amount above and a separate check or money order for the liquidated damages amount above. Defendants' payments of back wages and liquidated

damages shall be made on or before 90 days from the date of the execution of this Consent Judgment by the Secretary and Defendants.

It is also ORDERED, ADJUDGED, and DECREED that Defendants shall pay to Plaintiff, jointly and severally, the civil money penalties issued pursuant to Section 16(e) of the FLSA, 29 U.S.C. § 216(e), and 29 C.F.R. §§ 578.1–578.4, 579.1–579.5, and 580.1–580.18, in the amount of $23,001.00. The civil money penalty portion of this Consent Judgment will be deemed satisfied when Defendants deliver to Plaintiff $23,0001.00 in civil money penalties. Such payment shall be made no later than 90 days from the date of the execution of this Consent Judgment by the Secretary and Defendants.

To comply with the civil money penalty payment provisions set forth above, Defendants may pay online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77734516 or by going to www.pay.gov and searching "WHD CMP Payment - NE Region." Defendants also have the option to provide to the Secretary a certified check, bank check, or money order, and that check or money order shall be mailed to:

> U.S. Department of Labor
> Wage and Hour Division
> Northeast Region
> The Curtis Center, Suite 850 West
> 170 South Independence Mall West
> Philadelphia, PA 19106-3317
> Attention: William Schweizer

A check or money order shall be made payable to "Wage and Hour Division—Labor" with Case No. 1887677 written on the face of the check or money order.

If Defendants pay any amounts owed under this Consent Judgment by check or money order, a copy of said checks or money orders shall be mailed to the following address: U.S.

5

Department of Labor, Wage and Hour Division, 380 Westminster Mall, Room 546 Providence, Rhode Island 02903, Attention: Assistant District Director.

On or before ten days from the execution of this Consent Judgment by the Secretary and Defendants, Defendants shall deliver to the United States Department of Labor at the Wage and Hour Division's Providence, Rhode Island address set forth above, a statement showing the following: employers' Federal ID number(s), the name of each employee listed in Exhibit A1, and each employee's current address and social security number (to the extent currently known by Defendants).

When recovered wages and/or liquidated damages have not been claimed by an employee within three years, because of inability to locate the employee or because of the employee's refusal to accept such sums, Plaintiff shall deposit the wages and/or liquidated damages into the United States Treasury as miscellaneous receipts pursuant to 29 U.S.C. § 216(c).

Defendants shall not, under any circumstances, solicit repayment of any amount paid to any employee in connection with this Consent Judgment. In the event any such amount is received from any employee, Defendants shall immediately remit such amount to the United States Department of Labor at the Philadelphia, Pennsylvania address set forth above.

It is further ORDERED, ADJUDGED and DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Nothing in this Consent Judgment precludes the Secretary from using evidence discovered in the investigation that led to the Complaint in this case in any future investigation, enforcement action, or legal action.

SO ORDERED, this  24   day of  September  , 2020.

/s/ Mary S. McElroy
United States District Judge
District of Rhode Island

********************

**FOR DEFENDANTS**:

/s/ Joseph J. Pezza
S&D Restaurant, Inc. d/b/a Parkside Rotisserie & Bar
By: Joseph J. Pezza
RI No. 5373
Rodio and Ursillo
86 Weybosset Street, Suite 400
Providence, RI 02903
(401) 331-6400
JPezza@RULaw.com

Dated: September 3, 2020


/s/ Joseph J. Pezza
Steven Davenport
By: Joseph J. Pezza
RI No. 5373
Rodio and Ursillo
86 Weybosset Street, Suite 400
Providence, RI 02903
(401) 331-6400
JPezza@RULaw.com

Dated: September 3, 2020

**FOR PLAINTIFF**:

Kate S. O'Scannlain
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

/s/ Mark A. Pedulla
Mark A. Pedulla
Counsel for Wage & Hour
pedulla.mark.a@dol.gov
MA BBO No. 685925

U.S. Department of Labor
Attorneys for Plaintiff
Post Office Address:
JFK Federal Building—Room E-375 Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

Dated:  September 3, 2020